# EXHIBIT 3

CAUSE NO. 2019-47180

| | | |
|---|---|---|
| PRISCILLA CHARCAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARSDEN SOUTH, LLC, | § | |
| HARBOR AMERICA CENTRAL, INC, | § | |
| AND HBS NATIONAL CORPORATION | § | |
| | § | |
| *Defendants*. | § | 11TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENED PETITION

Plaintiff, Priscilla Charcas ("Charcas" or "Plaintiff"), files this, her First Amended Petition against Marsden South, LLC ("Marsden South"), Harbor America Central, Inc. ("Harbor America"), and HBS National Corporation ("HBS National"), (Collectively, "Defendants") and would show the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.  Pursuant to Texas Rule of Civil Procedure 190.3, discovery in this case should be conducted under Level 2.

### II.   PARTIES

2.  Plaintiff, Priscilla Charcas, is an individual who resides in Baytown, Harris County, Texas.

3.  Defendant Marsden South, LLC is a Delaware company doing business in Texas.

4.  Defendant Harbor America Central, Inc., is a Texas Corporation.

5.  Defendant HBS National Corporation, is a Texas Corporation.

### III. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks monetary relief between $200,000 and $1,000,000.

8. This court has jurisdiction over the parties because Defendants Harbor America Central, Inc. and HBS National Corporation are Texas entities and Defendant Marsden South, LLC conducts business in Texas. Defendants' actions, events and transactions which gave rise to the causes of action alleged herein took place in Texas. Further, Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants

9. Venue is proper in Harris County in this cause pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County. Venue is also proper in this Court because Defendants operated in Harris County at all relevant times to the events giving rise to this suit.

10. Plaintiff would show that Defendants Marsden South, Harbor America Central Inc., and HBS National Corporation had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

### IV. NATURE OF ACTION

11. This is an employment discrimination case in which Defendants terminated Plaintiff's employment after her supervisor learned that she was pregnant.

### V. CONDITIONS PRECEDENT

12. More than 180 days prior to the institution of this lawsuit, Plaintiff filed charges

with the Equal Employment Opportunity Commission ("EEOC").  A notice of the right to file a civil action has been issued by the EEOC and the Texas Workforce Commission. On September 25, 2019, the EEOC issued a Determination holding Defendants' dismissal of Plaintiff "was motivated by her pregnancy and Respondent's perception of her being disable."

## VI.     FACTS

13.     Charcas was hired by Harbor America Central, Inc. on April 15, 2015 to work as a general cleaner at HBS National.  Marsden South subsequently purchased HBS National on June 1, 2016.  Charcas remained on in her role as a cleaner, wherein she received positive reviews and no disciplinary warnings or write-ups.

14.     On or about September 26, 2016, Charcas informed her supervisor, Gonzalo Castillo, that she was pregnant.

15.     On or about October 10 2016, Charcas was forced to leave work approximately 45 minutes early to go the hospital due to a kidney infection. The infection caused her to remain in the hospital for two nights.

16.     After receiving her diagnosis at the hospital, Charcas promptly texted Castillo regarding her condition and inability to return to work the next day.  Early on the morning of October 11, 2016, Charcas texted Castillo informing him that the doctors were requiring her to stay at the hospital for an additional night.

17.     On October 11, 2016, Castillo responded to Charcas's text and asked that she call him.  During this phone call, Castillo informed Charcas that she was being terminated.  He stated that he was terminating her because he did not want her to be hurt or risk being hurt due to her pregnancy.  Charcas explained to him that after she recovered from the kidney infection, she

would have no restrictions placed on her and would therefore have no issues with returning to work.

18. On October 12, 2016, Charcas called Cynthia from Human Resources and explained that she believed she had been terminated due to her pregnancy. Cynthia informed Charcas that Castillo could terminate her if he felt she could not perform her duties due to pregnancy.

## VII. CAUSES OF ACTION

Sex/Pregnancy Discrimination un the Texas Labor Code:

19. Plaintiff incorporates all prior paragraphs.

20. The Texas Labor Code provides that an employer commits an unlawful employment practice if, because of sex, the employer discharges an individual or discriminates against an individual in connection with compensation or the terms, conditions, or privileges of employment. Tex. Lab. Code. Ann. § 21.051. Section 21.106 of the Labor Code addresses sex discrimination in relation to pregnancy as follows:

   a) A provision in this chapter referring to discrimination because of sex or on the basis of sex includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.
   b) A woman affected by pregnancy, childbirth, or a related medical condition shall be treated for all purposes related to employment…in the same manner as another individual not affected but similar to individual's ability or inability to work.

Tex. Lab. Code Ann. § 21.106.

21. Defendants, by and through their agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or

limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of the Texas Labor Code.

22. Defendants, by and through their agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-pregnant employees similarly situated in violation of the Texas Labor Code.

23. Plaintiff alleges that Defendants, by and through their agents, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the state-protected rights of Plaintiff.

Disability Discrimination:

24. The Texas Labor Code and ADA protects employees from discrimination based on disability.

25. Defendants, by and through their agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability or perceived disability.

26. Defendants, by and through their agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff a in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's disability or perceived disability in violation of the Texas Labor Code and the ADA.

27. Defendants, by and through their agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to other non-disabled employees similarly situated in violation of the Texas Labor Code and the ADA.

28. At all times material hereto, Plaintiff was able to perform the essential functions of her position.

29. Plaintiff alleges that Defendants, by and through their agents, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the state-protected rights of Plaintiff.

Sex and Pregnancy Discrimination in Violation of Title VII

30. Plaintiff incorporates the preceding paragraphs.

31. Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on sex and pregnancy, childbirth, or related medical conditions. 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e(k).

32. Defendants, by and through their agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her pregnancy and because of her sex within the meaning of the statute.

33. Defendants, by and through their agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy and sex.

34. Defendants, by and through their agents, discriminated against Plaintiff on the basis of pregnancy and sex with malice or with reckless indifference to the protected rights of Plaintiff.

35. Defendants, by and through their agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to male employees or non-pregnant employees similarly situated in violation of Title VII.

## VIII. DAMAGES

36. Plaintiff suffered the following damages as a direct and proximate cause of the actions of Defendants described above:

   a. Back pay and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by Title VII and the Texas Labor;

   b. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   c. All reasonable and necessary costs incurred in pursuit of this suit;
   d. Expert fees as the Court deems appropriate;

   e. Loss of benefits;

   f. Pre and Post judgment interest;

   g. Punitive damages; and

   h. All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259.

## IX.    EXEMPLARY DAMAGES

37.    Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff.  In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## X.    ATTORNEYS' FEES

38.    Defendants' actions and conduct as described above and the resulting damage and loss sustained by Plaintiff has necessitated her retaining the services of The Richey Law Firm, in initiating this proceeding.  As provided by Title VII and the Texas Labor Code, Plaintiff seeks recovery of reasonable and necessary attorneys' fees, costs and expenses.

## XI.    JURY TRIAL DEMAND

39.    Plaintiff requests a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## XII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Priscilla Charcas, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages sought and any other relief to which the Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        The Richey Law Firm

        By:  <u>*/s/Sara Richey*</u>
              Sara Richey
              Texas Bar No. 24068763
              Email: sara@thericheylawfirm.com
              3801 Kirby Dr. Suite 344
              Houston, TX 77098
              Tel. (713) 636-9931

### CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of March 2021, I served a copy of the foregoing Plaintiff's First Amended Petition to counsel for Defendants according to the Texas Rules of Civil Procedure.

        By: <u>*/s/ Sara Richey*</u>
             Sara Richey