UNITED STATES DISTRICT COUT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Priscilla Charcas, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:21-cv-00899 |
| | § | |
| Marsden South, LLC, Harbor America | § | |
| Central, Inc., and HBS National | § | |
| Corporation, | § | |
| | § | |
| *Defendants.* | § | (Jury Trial Demanded) |
| | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Priscilla Charcas, files this Amended Complaint against Defendants Marsden South, LLC, Harbor America Central, Inc., and HBS National Corporation and in support shows as follows:

### I.     INTRODUCTION

1.      This is an action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), and the Family Medical Leave Act of 1993 (FMLA) for Defendants' unlawful employment practices against Plaintiff due to her pregnancy and pregnancy related medical conditions and disabilities.

### II.     PARTIES

2.      Plaintiff, Priscilla Charcas, is an individual who resides in Harris County, Texas.

3.      Defendant Marsden South, LLC is a Delaware company doing business in Texas.

4.      Defendant Harbor America Central, Inc., is a Texas Corporation.

5.      Defendant HBS National Corporation, is a Texas Corporation.

### III.      JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it contains claims pursuant to federal law.

7.      This Court has personal jurisdiction over Defendants because they are Texas entities (Harbor America Central, Inc., and HBS National Corporation) or they continuously and systemically do business within the state of Texas. Moreover, Defendants jointly employed Plaintiff within the state of Texas

8.      The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendants operated within this judicial district at all relevant times to the events giving rise to this suit.

### IV.      FACTS

9.      Charcas was hired by Harbor America Central, Inc. on April 15, 2015 to work as a general cleaner at HBS National.

10.      Marsden South subsequently purchased HBS National on June 1, 2016.  However, Charcas paychecks continued to list Harbor America Central, Inc. as her employer.  Charcas' paychecks specifically state she was a "co-employee" of Defendants.

11.      During her employment Charcas received positive reviews and no disciplinary warnings or write-ups. She also received at least one bonus.

12.      On or about September 26, 2016, Charcas informed her supervisor, Gonzalo Castillo, that she was pregnant.

13. On or about October 10, 2016, Charcas was forced to leave work approximately 45 minutes early to go the hospital due to a kidney infection. The infection caused her to remain in the hospital for two nights.

14. After receiving her diagnosis at the hospital, Charcas promptly texted Castillo regarding her condition and inability to return to work the next day. Early on the morning of October 11, 2016, Charcas texted Castillo informing him that the doctors were requiring her to stay at the hospital for an additional night.

15. On October 11, 2016, Castillo responded to Charcas's text and asked that she call him. During this phone call, Castillo informed Charcas that her employment was being terminated. He stated that he was terminating her employment because he did not want her to get hurt or risk getting hurt at work due to her pregnancy. Charcas explained to him that after she recovered from the kidney infection, she would be able to return to work without restriction. He did not care.

16. On October 12, 2016, Charcas called Cynthia from Human Resources and explained that she believed she had been terminated due to her pregnancy and pregnancy related medical condition. Cynthia informed Charcas that Castillo could terminate her if he felt she could not perform her duties due to pregnancy.

### V. CAUSE OF ACTION NO. 1:
### Title VII - Discrimination based on sex

17. Plaintiff incorporates the preceding paragraphs.

18. Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on sex and pregnancy, childbirth, or related medical conditions. 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e(k).

19.     Defendants, by and through Defendants' agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her pregnancy and because of her sex within the meaning of the statute.

20.     Defendants, by and through Defendants' agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy and sex.

21.     Defendants, by and through Defendants' agents, discriminated against Plaintiff on the basis of pregnancy and sex with malice or with reckless indifference to the protected rights of Plaintiff.

22.     Defendants, by and through their agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to male employees or non-pregnant employees similarly situated in violation of Title VII.

## VI.     CAUSE OF ACTION NO. 2:
### ADAAA – Disability Discrimination

23.     Plaintiff incorporates the preceding paragraphs.

24.     Plaintiff had a disability or was perceived by Defendants as having a disability as provided by the ADAAA.

25.     Plaintiff was qualified for her position and able to perform its essential functions, with or without a reasonable accommodation.

26.     Defendants terminated Plaintiff's employment based on her disability or their perception of her being disabled.

## VII.    CAUSE OF ACTION NO. 3:
### ADAAA - Failure to Engage in Interactive Process to Accommodate

23.    Plaintiff incorporates the allegations above.

24.    Plaintiff had a disability or was perceived by Defendants as having a disability as provided by the ADAAA.

25.    Plaintiff made requests for a reasonable accommodation. Plaintiff requested unpaid time off for the time she was in the hospital for a serious medical condition related to her pregnancy.

26.    Defendants did not engage or participate the required interactive process.

27.    Instead of engaging in the interactive process to provide a reasonable accommodation, Defendants terminated Plaintiff's employment, in violation of the ADAAA.

## VIII.   CAUSE OF ACTION NO. 4:
### ADAAA - Failure to Provide Reasonable Accommodation

28.    Plaintiff incorporates the allegations above.

29.    Plaintiff had a disability as defined by the ADA or Defendants perceived her to have a disability.

30.    Plaintiff informed Defendants of her medical condition and requested an accommodation of time off.

31.    There was an accommodation available that would have been effective and would not have posed an undue hardship to Defendants.

32.    Defendants failed to provide an accommodation and instead terminated Plaintiff's employment in violation of the ADAAA.

## IX. CAUSE OF ACTION NO. 5:
## FMLA – Interference

33. Plaintiff incorporates the preceding paragraphs.

34. Plaintiff worked for Defendants for greater than 12 months and greater that 1,250 hours prior to needing FMLA leave.

35. Defendants employed more than 50 employees within a 75-mile radius of the worksite where Plaintiff worked.

36. Defendants were covered by the FMLA.

37. Plaintiff was an eligible employee within the meaning of 19.U.S.C. § 2612(a)(1).

38. Plaintiff informed Defendants that she was suffering from a "serious health condition."

39. Plaintiff was entitled to FMLA leave.

40. Defendants never informed Plaintiff whether she was eligible for FMLA leave.

41. Defendants did not apprise Plaintiff of any rights under FMLA.

42. Defendants did not provide Plaintiff with FMLA leave.

43. Defendant terminated Plaintiff's employment while she was out on what should have been approved FMLA leave because she was in the hospital due to her serious health condition.

44. Defendants must have known, or showed reckless disregard, for whether their conduct was prohibited by the FMLA. Therefore, Defendants' violation of the FMLA was willful.

## X. CAUSE OF ACTION NO. 6:
### FMLA – Retaliation

45.     Plaintiff incorporates the preceding paragraphs.

46.     Plaintiff worked for Defendants for greater than 12 months and greater that 1,250 hours prior to needing FMLA leave.

47.     Plaintiff was an eligible employee within the meaning of 19.U.S.C. § 2612(a)(1).

48.     Defendants employed more than 50 employees within a 75-mile radius of the worksite where Plaintiff worked.

49.     Defendants were covered by the FMLA.

50.     Plaintiff informed Defendants that she was suffering from a "serious health condition" and would need time off from work while she was in the hospital.

51.     Plaintiff requested unpaid time off for her serious medical condition.

52.     Plaintiff was entitled to FMLA leave.

53.     Plaintiff took unpaid time off that should have been approved FMLA leave.

54.     Defendants retaliated against Plaintiff by terminating her employment because she took leave.

55.     Defendants must have known or showed reckless disregard for whether their conduct was prohibited by the FMLA.  Therefore, Defendants' violation of the FMLA was willful.

## XI. RESPONDEAT SUPERIOR AND RATIFICATION

56.     Whenever in this complaint it is alleged that Defendants, did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of

the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## XII.    DAMAGES

57.    Plaintiff seeks monetary relief between $200,000 and $1,000,000.00.

58.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages, which include, but are not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future; past and future lost wages and benefits; loss of employment capacity; past and future medical bills, and such other damages as will be more fully shown at trial and for which Plaintiff specifically sues herein.

59.    Plaintiff would further show that the acts of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff.  In order to punish Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## XIII.    ATTORNEY'S FEE AND COSTS

60.    Plaintiff is entitled to an award of attorney's fees and costs pursuant to all federal statutes invoked: Title VII, ADAAA and FMLA.

## XIV.    JURY DEMAND

61.    Plaintiff requests a trial by jury on all issues that can be tried to a jury.

## XV.    PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiff against Defendants for:

a.     actual and consequential damages, including, but not limited to back pay (wages and benefits);

b.     compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future, pursuant to Title VII and the ADAAA;

c.     Punitive damages in an amount above the minimum jurisdictional limit of the Court pursuant to Title VII and the ADAAA;

d.     Reasonable attorney's fees, with conditional awards in the event of appeal;

e.     Pre-judgment interest at the highest rate permitted by law;

f.     Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.     Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

h.     Liquidated damages in the amount equal to the front pay and back pay awarded under FMLA claims; and

h.     Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

By:/s/ *Sara Richey*
Sara Richey
Texas Bar No. 24068763
RICHEY LAW
11777 Katy Freeway, Suite 335
Houston, TX 77079
Phone: 713-636-9931
sara@thericheylawfirm.com

Clayton D. Craighead
Texas Bar No. 24065092
The Craighead Law Firm, PLLC
440 Louisiana, Suite 900
Houston, TX 77002
Phone: 832-798-1184
Fax: 832-553-7261
clayton.craighead@thetxlawfirm.com

ATTORNEYS FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 1, 2021, a true and correct copy of the above and foregoing document was forwarded to the following attorneys of record via electronic service pursuant to the Local Rules of the Southern District of Texas:

Patrick Cory Barnwell
BARNWELL LAW GROUP, P.C.
2425 Commerce Ave. NW, Ste. 300
Duluth GA 30096
Telephone: (678) 367-2196
Facsimile: (678) 559-0778
Email: cbarnwells@barnwelllawgroup.com
ATTORNEY FOR DEFENDANT HARBOR AMERICA CENTRAL, INC.


Ruth Willars
Monty & Ramirez LLP
150 W. Parker Road, Third Floor
Houston, Texas 77076
Phone: (281) 493-5529
Facsimile: (281) 493-5983
Email: rwillars@montyramirezlaw.com

Lauren M. Weber
Grant T. Collins
FELHABER LARSON
220 South 6th Street, Suite 2200
Minneapolis, MN 55402
Ph: 612-373-8500
Fax: 612-338-0535
Email: lweber@felhaber.com
Email: gcollins@felhaber.com
ATTORNEYS FOR DEFENDANTS MARSDEN SOUTH, LLC AND HBS NATIONAL CORPORATION


*/s/ Sara Richey*
Sara Richey